UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MILLER,

                        Plaintiff,

        -against-

CITY OF ITHACA, NEW YORK;  EDWARD
VALLELY, in his individual and official capacity
as Chief of Police;  JOHN BARBER, in his individual
and official capacity as Deputy Chief of Police;  PETE TYLER,
in his individual and official capacity as Deputy Chief of Police;
THE ITHACA POLICE BENEVOLENT ASSOCIATION,
INC.;  JEFFREY HUDDLE, President of The Ithaca Police
Benevolent Association, Inc.;  and TOMPKINS COUNTY
DISTRICT ATTORNEY'S OFFICE;  JOHN DOE(S) and/or
JANE DOE(S), in their individual and official capacities,

                    Defendants.
_____

**COMPLAINT**

Civil Action No.

Jury Trial Demanded

       Plaintiff Christopher Miller, by and through his attorney, A.J. Bosman, Esq., for his Complaint against Defendants, respectfully alleges as follows:

       1.  This is a Complaint under Title VII of the Civil Rights Act of 1964, as amended;  42 U.S.C. §§ 1981 and 1983;  the Constitution of the United States;  the Human Rights Law of the State of New York;  and the Constitution of the State of New York, to remedy violations of the rights of the Plaintiff Christopher Miller for injuries and harm caused by the Defendants in their individual and official capacities as the employer and as the agents of the City of Ithaca and the Ithaca Police Department.

JURISDICTION AND VENUE

-1-

2.  This action is brought, in part, pursuant to 42 U.S.C. §§ 2000[e] et seq., 42 U.S.C. §§ 1981 and 1983, and the First and Fourteenth Amendments to the United States Constitution.  This action is for monetary damages as well as for declaratory, injunctive and equitable relief to redress the deprivation of the Plaintiff's rights secured to him by the Constitution and laws of the United States and the State of New York.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a) and the aforementioned statutory and Constitutional provisions.

3.  Plaintiff invokes the original and supplemental jurisdiction of this Court to decide claims arising under Federal and New York State law including, but not limited to, claims that Defendants committed unlawful discriminatory and retaliatory practices relating to employment by denying Plaintiff equal terms, conditions and privileges of employment because of race and/or sex and/or because he opposed discrimination;  claims that Defendants violated Plaintiff's right to equal treatment and protection of the laws; and claims that Defendants violated Plaintiff's free speech rights.

4.  This Court has supplemental jurisdiction over Plaintiff's New York State law claims including claims under the New York State Constitution and the New York State Human Rights Law (Article 15, Executive Law of the State of New York).

5.  Venue is proper in the Northern District of New York in that the unlawful employment practices and Constitutional violations alleged herein were committed in whole or part in the Northern District.

CONDITIONS PRECEDENT

-2-

6.  On or about August 4, 2008, Plaintiff filed a charge of discrimination/retaliation with the New York State Division of Human Rights ("NYS DHR").  Plaintiff's NYS DHR complaint was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to a work-share agreement enjoyed by the two agencies.

7.  On or about February 18, 2010, the EEOC issued a Notice of Right to Sue letter to Plaintiff.

8.  Plaintiff has timely commenced the instant action within all time limits allotted therefor.

## PARTIES

9.  Plaintiff Christopher Miller, at all times relevant to this Complaint, is a male Caucasian citizen of the United States and a resident of the State of New York, County of Broome.  He was and is at all times relevant herein an employee of the City of Ithaca and the City of Ithaca Police Department.  Plaintiff is an "Employee" within the meaning of 42 U.S.C.  §§ 2000[e], et. seq., and the Human Rights Law of the State of New York.

10.  Defendant City of Ithaca is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times has its principal place of business at City Hall, 108 East Green Street, Ithaca, New York.  Defendant City of Ithaca is an "Employer" within the meaning of 42 U.S.C. §§ 2000[e], et. seq., and the Human Rights Law of the State of New York.

11.  The City of Ithaca Police Department ("IPD") is part of the municipal corporation of the City of Ithaca which is organized and existing under the laws of the State of New York and at all

relevant times has its principal place of business at 108 East Green Street, Ithaca, New York.

12.  At all times relevant hereto, the City of Ithaca and the City of Ithaca Police Department employed the named individual Defendants and the Plaintiff herein. Said City of Ithaca and the City of Ithaca Police Department are by law responsible for the wrongdoing of officers and employees of the City of Ithaca Police Department and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the individual Defendants.  Said Defendants were also aware, through their officers, employees, legislators, and agents, of the long-standing unlawful customs, policies, and practices of the named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies, and practices of the Defendants.

13.  Defendant EDWARD VALLELY, at all times relevant to this Complaint, is the duly appointed Chief of Police of the City of Ithaca.  Defendant VALLELY personally participated in the discriminatory and/or retaliatory acts alleged herein.  Further, at all pertinent  times referenced herein, he acted under color of law and he is responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendants.  He is also responsible, by law, for enforcing the rules and regulations of the State of New York and City of Ithaca and for insuring that employees of the Police Department obey the laws of the State of New York and the United States.  Defendant VALLELY  is sued in his individual and official capacity.  At all times relevant hereto, Defendant VALLELY had authority and control over the other named individual Defendants.

14.  Defendant JOHN BARBER, at all times relevant to this Complaint, is the duly appointed

-4-

Deputy Chief of Police of the City of Ithaca.  Defendant BARBER personally participated in the discriminatory and/or retaliatory acts alleged herein.  Further, at all pertinent  times referenced herein, he acted under color of law and he is responsible, by law, for enforcing the rules and regulations of the State of New York and City of Ithaca and for insuring that employees of the Police Department obey the laws of the State of New York and the United States.  Defendant BARBER is sued in his individual and official capacity.

15.  Defendant PETE TYLER, at all times relevant to this Complaint, is the duly appointed Deputy Chief of Police of the City of Ithaca.  Defendant TYLER personally participated in the discriminatory and/or retaliatory acts alleged herein.  Further, at all pertinent  times referenced herein, he acted under color of law and he is responsible, by law, for enforcing the rules and regulations of the State of New York and City of Ithaca and for insuring that employees of the Police Department obey the laws of the State of New York and the United States.  Defendant TYLER is sued in his individual and official capacity.

16.  Defendant THE ITHACA POLICE BENEVOLENT ASSOCIATION, INC. is the bargaining agent for police officers employed by the Ithaca Police Department and is responsible for insuring fair and equal treatment of its members and to safeguard against violations of its members' rights. Defendant JEFFREY HUDDLE is the President of said association.  Further, at all pertinent times referenced herein, he and the association acted under color of law and they are responsible, by law, for enforcing the rules and regulations of the State of New York and City of Ithaca and for insuring that employees of the Police Department obey the laws of the State of New York and the

United States.  Defendant HUDDLE is sued in his individual and official capacity.

17. Defendants TOMPKINS COUNTY DISTRICT ATTORNEY'S OFFICE is the entity charged with insuring that all persons are afforded equal treatment under the law and yet they have deliberately and/or with reckless disregard to the Plaintiff's rights subjected the Plaintiff to unequal treatment and its agents have acted with the other defendants and/or individually to deprive Plaintiff of his rights and/or retaliated against him for complaining of discriminatory treatment.  JOHN AND JANE DOES are individuals not yet known to the Plaintiff.  Once their identities are ascertained, the names of those individuals will be substituted in place of the JOHN DOE(S) and/or JANE DOE(S) designation(s).

18.   At all relevant times, each Defendant is responsible for the establishment and perpetuation of a hostile work environment and the discriminatory policies, customs, practices and habits of the Ithaca Police Department and also aided and abetted the unlawful conduct described herein. The Defendants all are equally responsible and legally accountable for the unlawful conduct of each other for failing to intercede and prevent the discriminatory and retaliatory conduct set forth herein.

19.   During all pertinent times mentioned in this Complaint, Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the City of Ithaca.  At all times mentioned in this Complaint, Defendants acted either individually, jointly, and/or in concert with each other.

FACTS

20.  Plaintiff Christopher Miller is a male Caucasian Police Officer with the City of Ithaca Police Department.  He has been a Police Officer with the IPD since September 7, 2000.

21.  Throughout his employment with the City of Ithaca Police Department, Plaintiff's work performance has always been highly acceptable and satisfactory and at no time did Plaintiff commit any misconduct.

22.  During the course of Plaintiff's employment with the City of Ithaca Police Department, as set forth in more detail below, Plaintiff has been subjected to a continuous series of illegal and discriminatory and retaliatory acts, unfair actions, policies, practices, and procedures because of Plaintiff's race and/or sex and because of his assertion of his contractual, civil and Constitutional rights.  Said wrongs, acts, and violations are and were intentional and/or negligent and/or reckless, have caused Plaintiff harm, injury, psychological harm, and damages including but not limited to:

    (a)    Plaintiff has been deprived of income in the form of wages, benefits, promotional opportunities and job assignments which were made or denied because of Plaintiff's race and/or sex and Defendants' discriminatory and retaliatory acts and policies;

    (b)    Plaintiff has suffered physical harm in the form of stress, tension, headaches, stomach aches, sleeplessness, nervousness, anxiety, fear and dread, extreme anxiety, embarrassment, humiliation, degradation, loss of pay, loss of benefits, depression, insomnia, anger, family discord and dysfunction and pain.

    (c)    Plaintiff has been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

    (d)    Plaintiff has been constructively discharged, denied equitable employment compensation, equitable employment terms and conditions and privileges of employment because of his race and/or sex and opposition to discrimination;

    (e)    Plaintiff has been subjected to damage to his good name, humiliation, indignity and

shame;

(f)     Plaintiff has suffered injury to his family and community relations amongst his peers and co-workers;

(g)     Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future, to protect Plaintiff's rights and interests from the wrongful and unlawful actions of the Defendants herein;

(h)     Plaintiff has suffered deprivation of his property and liberty, invasion of his privacy and has otherwise suffered deprivation of his human, civil and Constitutional rights in violation of the laws and Constitutions of the United States and the State of New York;

(i)     Plaintiff has been otherwise damaged.

23.   This Complaint is in all respects based on past and continuing and ongoing harm and injury caused to the Plaintiff by the Defendants in their discriminatory and retaliatory acts and policies.  Such acts and polices are illegally imposed on the Plaintiff by the Defendants such as employing and endorsing practices, customs and policies which subject male Caucasian employees to greater scrutiny in their employment and treats male Caucasian employees as second class citizens.  Further, upon information and belief, Defendants disproportionately promote minorities and/or disparately excludes Plaintiff as a male Caucasian employee from positions of visibility, authority and power, and deny male Caucasian employees assignments or transfers which lead to equal supervisory and management opportunities.  Denying male Caucasian employees access to these assignments because of their race and/or sex or their opposition to discrimination is unlawful and leads to lower regard, lower pay, and fewer benefits for Plaintiff and all male Caucasian employees.

24.   Upon information and belief, the Defendants routinely subject male Caucasian employees and thereby Plaintiff to stricter scrutiny and application of rules or guidelines in the use of performance evaluations, promotions and assignments, and on the job and off the job conduct. The Defendants unfairly and routinely endorse and believe the word of African-American and minority employees over that of Plaintiff and male Caucasian employees.

25.   The Defendants have notice of and have engaged in hostile patterns and practices of behavior which are racist, sexist, retaliatory and discriminatory, yet have failed to put appropriate monitoring or review processes to insure that such treatment and discriminatory conduct is eliminated.

26.   The Defendants subject Plaintiff and male Caucasian employees to higher standards of performance and adherence to rules and regulations while excusing African-American and minorities from the same standards of behavior.   Throughout his career, Plaintiff has been relentlessly counseled and reprimanded for conduct that is unremarkable or  has gone unnoticed and unpunished by superiors when committed by African-American and minority officers.

27.  Plaintiff and other Caucasian males applied for promotions or appointments on numerous occasions and were repeatedly passed over in favor of African-American and minority employees with less seniority and experience.  For example, on or about January 8, 2007, Plaintiff was informed that he would not be interviewed for a position even though he scored high on the civil service examination and had a superior work record.  On this occasion, IPD elevated two minority officers who had scored lower on the civil service examination than the Plaintiff and had not complained of

discrimination.  On information and belief, said persons had less seniority than the Plaintiff.

28.  Defendants knew,  were told and/or should have been aware that Plaintiff was being disparately treated and subjected to unequal terms and conditions of employment and denied transfers, assignments, overtime and promotions and otherwise subjected to discriminatory and retaliatory treatment.  The Defendants individually and collectively did not discipline or otherwise punish the wrongdoers or insure that said treatment ceased.

29.  Since the filing of his initial charge of discrimination in December 2005; his subsequent charge in August 2008; and continuing to the present day, Plaintiff has suffered a series of retaliatory and discriminatory actions on account of his protected activities and race and/or sex, including but not limited to: constructive discharge; excessive scrutiny of his work performance and conduct; ostracized by superiors and co-workers; threatened with indictment and termination; continuously harassed;  labeled and considered a racist;  unjustifiably and unlawfully disciplined; and subjected to public humiliation by the publication of  false and retaliatory statements about Plaintiff.  The Defendants' retaliatory actions have escalated further since the filing of Plaintiff's second charge of discrimination/retaliation therein August 2008.  As recent as May 2010, Plaintiff was threatened, intimidated and interrogated about his Human Rights Law complaints and public speech including postings on the internet pertaining to IPD employees.

30.  Since the filing of his Complaint, the Defendants deliberately, negligently, and with reckless disregard, subjected the Plaintiff to extreme and baseless allegations, scrutiny and criticism of his performance and abilities.  Similar actions are not taken toward African-American and

minority employees nor those who do not complain of discrimination.

31.   Therein May/June 2009, Plaintiff was subjected to a retaliatory and discriminatory investigation.   This investigation and the subsequent "Notice of Discipline" were without basis and contrived and designed to punish Plaintiff for his protected activities.   African-American and minority officers who committed far more serious offenses than charged against Plaintiff were not punished at all or were not disciplined as severely.

32.  As a result of said "Notice of Discipline" Plaintiff was subjected to multiple unwarranted and unlawful adverse actions, including but not limited to: constructive discharge and termination; removal from his position as a patrol officer; loss of assignments; deprivation of contractual rights and protections; loss of pay and benefits; a "permanent" letter of reprimand to be maintained in Plaintiff's personnel file; public humiliation and derision as unworthy of belief or trust; publication of his personnel record and disciplinary charges; a prohibition against earning overtime.

33.   Defendants also released personnel information pertaining to Plaintiff to the media causing the Defendants' untrue and retaliatory accusations and discipline of Plaintiff to be published in local media.

34.  Plaintiff's employment has also been adversely affected by the continuous hostile work environment conditions imposed on himself and male Caucasian employees of the Department and its discriminatory and retaliatory treatment of them.   Example of such discriminatory and retaliatory treatment include but are not limited to:

(a)  subjecting male Caucasian employees to a work environment that each of the Defendants knew or should have known permits and condones the retaliation (including disciplinary

actions/memos, harassment, threats, transfers, restrictions, etc.) against Caucasian employees for complaining about discriminatory treatment;

(b)  subjecting Plaintiff and other male Caucasian employees to a work environment that each of the Defendants knew or should have known is without complete support of victims of discriminatory treatment as demonstrated by their failure to fairly and impartially investigate complaints of discrimination or mistreatment, maintain and support an equal employment complaint process without intimidation, or impose appropriate discipline;

(c)  subjecting male Caucasian employees to discriminatory and retaliatory discipline in that each of the Defendants knew or should have known that the disciplinary sanctions imposed against male Caucasian employees are not used against African-American and minority employees for similar or worse performance and bad acts;

(d)  subjecting Plaintiff and other male Caucasian employees to a work environment that each of the Defendants knew or should have known is discriminatory in that the Plaintiff and other male Caucasian employees were arbitrarily reassigned and given less desirable work assignments than their African-American and minority counterparts under same or similar circumstances;

(e)  excusing, ignoring, or concealing misconduct of African-American and minority employees while subjecting male Caucasian employees to strict scrutiny and discipline;

(f) failing or refusing to investigate complaints of discrimination and retaliation while vigorously investigating African-American and minority officers' complaints; and

(g) subjecting employees who act as witnesses to discrimination and/or retaliation, including Plaintiff, to unequal and retaliatory treatment, most recently in the month May 2010.

35.    The City of Ithaca and the City of Ithaca Police Department are aware through complaints and reports of the Defendants' discriminatory treatment and have been deliberately indifferent, grossly negligent, and/or recklessly failed and refused to address or, in any substantive manner, correct such unlawful acts and treatment.

36.  The Defendant, The Ithaca Police Benevolent Association, Inc. has too discriminated and retaliated against Plaintiff in failing and refusing to address Plaintiff's complaints and demands to be treated unequally without reprisal.  Instead of fulfilling its duties to the Plaintiff, the Defendant, The

Ithaca Police Benevolent Association, Inc. has participated in the discriminatory and retaliatory acts and practices of the Defendant IPD causing further harm and injury to the Plaintiff.

37.  Further, the Defendants have collectively and individually sought to deprive Plaintiff of his rights and protection under the law and or recklessly allowed such deprivation and violation to occur.

## AS AND FOR A FIRST AND SECOND CAUSE OF ACTION
## PURSUANT TO TITLE VII AND THE NYS HUMAN RIGHTS LAW

38.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37 above.

39.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under Title VII and the Human Rights Law of the State of New York in that Plaintiff was subjected to a hostile work environment because of his race and/or sex.

40.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRD AND FOURTH CAUSE OF ACTION
## PURSUANT TO TITLE VII AND THE NYS HUMAN RIGHTS LAW

41.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 40 above.

42.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to

the Plaintiff under Title VII and the Human Rights Law of the State of New York in that Plaintiff

was subjected to disparate treatment and otherwise discriminated against because of his race

and/or sex.

43.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A FIFTH AND SIXTH CAUSE OF ACTION
## PURSUANT TO TITLE VII AND THE NYS HUMAN RIGHTS LAW

44.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 43 above.

45.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to

the Plaintiff under Title VII and the Human Rights Law of the State of New York in that Plaintiff

was retaliated against for opposing discrimination.

46.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A SEVENTH AND EIGHTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

47.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 46 above.

48.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to

-14-

the Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution in that Plaintiff was subjected to a hostile work environment and discriminated

against because of his race and/or sex.

49.   With respect to the named state and/or municipal Defendants, the actions and

omissions as aforementioned constitute unlawful custom, practice or policy since they are the

actions and omissions of policy making officials of the City of Ithaca Police Department and the

County of Tompkins District Attorney.  In addition, said state and/or municipal Defendants

created, maintained and/or fostered a custom, policy or practice of intimidation and discrimination

thereby causing Plaintiff injury and harm.  Finally, said Defendants failed to adequately train or

discipline officers, agents, and supervisors on the rights of employees to be free from hostile work

environment, discrimination, and/or retaliation.

50.   As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

AS AND FOR A NINTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983

51.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 50 above.

52.   By engaging in the foregoing conduct, Defendants have violated rights guaranteed to

the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was

retaliated against for exercising his free speech rights to oppose discrimination.

-15-

53.  With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute municipal policy of retaliation since they are the actions and omissions of final policy making officials of the City of Ithaca Police Department and the District Attorney's office for the County of Tompkins.  In addition, said Defendants created, maintained and/or fostered a custom, policy or practice of retaliation thereby causing Plaintiff injury and harm.

54.  Said state and/or municipal Defendants failed to adequately train and/or supervise officers, agents, and supervisors in the preservation and enforcement of rights of employees to be free from discrimination and retaliation.

55.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

AS AND FOR A TENTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983

56.  Plaintiff re-alleges paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57.  The Defendants were at all times relevant herein acting under the color of state law. The discriminatory hiring, discipline, lack of promotion, retaliation, and disparate treatment of Caucasian employees of the City of Ithaca Police Department is so pervasive and widespread that it has the effect of a custom, practice and/or policy, harming the Plaintiff.

58.  Upon information and belief, the Defendant Chief of Police has final policymaking authority in which he failed to enforce and/or insure the enforcement of laws prohibiting such

discriminatory and retaliatory treatment.

59.   Upon information and belief, Defendants Chief of Police and Deputy Chief of Police and other policy making officials knew of the past and present discriminatory practices and policies of the City of Ithaca Police Department and did not and have not acted to correct same. Further, these supervisory Defendants knew of the acts of the other Defendants in creating and subjecting Plaintiff to a hostile work environment and retaliation and did not act to prevent or correct same, thus violating the Plaintiff's rights.

60.   As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

AS AND FOR AN ELEVENTH CAUSE OF ACTION
BREACH OF CONTRACT

61.   Plaintiff re-alleges paragraphs 1 through 60 with the same force and effect as if fully set forth herein.

62.   Plaintiff is a civil service employee and as such is protected by the contract in effect entered into by the City of Ithaca with its employees.  Such contract provides for the fair and equal treatment in matters of pay and terms of employment including the terms, conditions, and privileges of employment without regard to gender, race, age, or other classification.

63.   The Defendants have discriminated and retaliated against the Plaintiff and subjected him to unequal treatment on account of his race and/or sex and/or opposition to discrimination in breach of the contract.  Upon information and belief, the City of Ithaca's retaliatory conduct has

caused the Plaintiff's Union to fear adequately representing his interests thus depriving him of the protection of the terms of his contract.

64.   As aforementioned, Plaintiff has sustained damages and is entitled to compensation therefor.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1981

64.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 63 above.

65.   By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was subjected to a hostile work environment because of his race.

66.   As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRTEENTH AND FOURTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1981

67.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 66 above.

68.   By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was subjected to disparate treatment and

-18-

otherwise discriminated and retaliated against because of his race.

69.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

70.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 69 above.

71.  The defendants engaged in a meeting of the minds to subject the Plaintiff to the

aforesaid wrongs and violations including but not limited to publication and disclosure of

Plaintiff's personnel record and deliberately engaged in a plan to discredit and punish the Plaintiff

for objecting to discrimination and retaliation.

72.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to

the Plaintiff under the First and Fourteenth Amendments and under the Constitution of the State

of New York in that Plaintiff was retaliated against for opposing discrimination and/or exercising

his rights to speech and to seek redress of grievances.

73.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

74.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 73 above.

75.   The Defendants did deprive the Plaintiff of his rights as set forth under Article I of the Constitution of the State of New York.

76.   Plaintiff was injured by the actions of the defendants and the deprivation of his state constitutional rights and is entitled to compensation therefore.

PUNITIVE DAMAGES

77.   The acts and/or omissions of the Defendants herein were outrageous; were done in a deliberate, callous, malicious, wanton and oppressive manner intended to injure Plaintiff;  were done with an improper and evil motive, amounting to malice and spite;  and were done in conscious disregard of Plaintiff's rights.  Plaintiff is therefore also entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

(a)   judgment awarding Plaintiff compensatory damages in an amount not less than $7,000,000.00 (Seven Million Dollars);

(b)   judgment awarding Plaintiff punitive damages in an amount not less than $10,000,000.00 (Ten Million Dollars);

(c)   for each Cause of Action, granting the following injunctive relief:

1.  Restraining the Defendants from engaging in further discriminatory and/or retaliatory treatment;

2. Require the Defendants to review and correct all unconstitutional and discriminatory treatment and conduct within the Ithaca Police Department;

3. Provide equal opportunities, terms, benefits, and pay to all employees in the Ithaca Police Department;

4. Mandate training and educational programs for employees about retaliation and discrimination;

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination-free workplace;

6. Restoring Plaintiff to his position and all attendant benefits and privileges;

7. A public apology and retraction.

(d) interest on all amounts due;

(e) attorney's fees under Title VII and 42 U.S.C. Section 1988;

(f) declaratory relief that the Defendants have violated the Plaintiff's rights under the law;

(g) granting such other and further relief as the court may deem just and proper.

JURY DEMAND

Plaintiff demands a jury trial of all claims herein.


Dated: May 20, 2010

    s/A.J. Bosman
    A.J. Bosman, Attorney at Law

Office and Post Office Address:
6599 Martin Street
Rome, New York 13440
Telephone: (315) 336-9130

Attorney for Plaintiff