UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MILLER,

                              Plaintiff,

      v.                                                   3:10-cv-597

CITY OF ITHACA, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Order dated July 12, 2010, Plaintiff's counsel was ordered to show cause why she should not be sanctioned for: (1) making a frivolous request for costs and fees; (2) failing to comply with the Court's Standing Order; and (3) failing to comply with the Local Rules.

It may be recalled that Defendant filed a motion to dismiss Plaintiff's Complaint. Plaintiff requested that Defendants consent to an extension of the time by which papers in opposition to the motion were required to be filed. Defendants did not consent. Attorney Bosman then filed a request for costs and fees for Defendants' refusal to consent.

In her response to the Order to Show Cause, Attorney Bosman states that sanctions should not be imposed because her client had granted Defendants' requests for adjournments in connection with an arbitration proceeding and she had previously been admonished for her refusal to consent to an adjournment in a prior case. Attorney Bosman does not identify any legal basis for her request for fees and costs. This Court has not

located any cases awarding fees and costs because a party refused to consent to a request for an extension of time. As one court has noted:

> [the] contention that [the] refusal to consent to an extension of time to respond to the complaint justifies an award of sanctions is frivolous on its face. Although I appreciate that extensions of time to answer or move are routinely granted by counsel in this District, until the Federal Rules of Civil Procedure are amended, such extensions remain a matter of grace, not right. The practice of law would quickly deteriorate into total chaos if insistence on compliance with the Federal Rules of Civil Procedure became sanctionable conduct.

Root Bros. Farms v. Mak, 2007 WL 2789481, at *7 (S.D.N.Y. 2007).

This Court agrees that Attorney Bosman's request for costs and fees was frivolous on its face and lacked a reasonable basis in existing law or a non-frivolous basis for extending, modifying or reversing existing law. A party cannot be held accountable for demanding that opposing counsel comply with the dictates of the Federal Rules of Civil Procedure and the local rules of this Court. Further, Attorney Bosman's request to "withdraw the request for sanctions" comes too late in the day as the Court previously ruled on (and denied) her application.[1]

For the foregoing reasons, the Court finds that a sanction in the amount of $150.00, payable to the Court's pro bono fund, is warranted. Such payment shall be made within 30 days of the date of this Order.

IT IS SO ORDERED.

---

[1] Attorney Bosman also contends that her busy work load, coupled with the lengthy time it sometimes takes the Court to resolve motions, constitutes "good cause" within the meaning of Fed. R. Civ. P. 6. The Court disagrees. "A counsel's busy trial schedule has been determined to fall short of establishing good cause." United States v. U.S. Fidelity and Guaranty Co., 2005 WL 1528374, at *2 (N.D. Ind. 2005) (and cases cited therein); see also Daniels v. Anheuser-Busch, Inc., 1997 WL 538904, at *5 (N.D.N.Y. 1997).

Dated: July 28, 2010

Thomas J. McAvoy
Senior, U.S. District Judge