UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MILLER,

                          Plaintiff,

      v.                                  3:10-cv-597

CITY OF ITHACA, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff, Christopher Miller, through his attorney, A.J. Bosman, submitted a letter brief on April 30, 2012 seeking permission to: (1) file his statement of material facts in opposition to Defendants' pending motion for summary judgment on May 1, 2012 (apparently due to a computer malfunction that has been continuing since April 27, 2012); (2) file a Rule 56(d) motion on either May 1 or May 2; and (3) to file certain supporting documents and deposition transcripts on May 1, 2012. Defendants oppose the motion contending that Plaintiff's filings are untimely under the applicable rules.

Because Plaintiff's requests to the Court were filed *after* April 27, 2012 (the date opposition papers were due),[1] the result in this matter is governed by Fed. R. Civ. P. 6(b)(1)(B). That Rule provides that a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.

---

[1] See discussion *infra*. Had Plaintiff made the request before the expiration of the applicable deadline, a more lenient standard would have applied.

R. Civ. P. 6(b)(1)(B).  "Excusable neglect is an 'elastic concept' that 'at bottom [is] an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (citations omitted). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  Silivanch, 333 F.3d at 366 (alteration in original) (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)). The Court places the most weight on the third factor. See Silivanch, 333 F.3d at 366.  The Second Circuit has repeatedly held that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.  Silivanch, at 366-67; see also Redhead v. Conference of Seventh-Day Adventists, 360 Fed. Appx. 232 (2d Cir. 2010); Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 251 (2d Cir. 1997).

      Here, the applicable rule is entirely clear and, therefore, Plaintiff is unable to establish excusable neglect.  Defendants' motion for summary judgment was made returnable on the Court's May 14, 2012 motion calendar. The Local Rules of this Court provide that papers in opposition to a motion for summary judgment must be filed seventeen days before the return date.  N.D.N.Y.L.R. 7.1(b)(1).  The Court's Local Rules are readily available and easily understood.  Accordingly, opposition papers were due on or before April 27, 2012.  In addition to being able to calculate the filing deadline from the return date, the deadline for filing opposition papers was set forth in Defendants' notice of motion and the relevant docket entry.  See Dkt. No. 244 ("MOTION for Summary Judgment Motion Hearing

set for 5/14/2012 10:00 AM in Albany before Senior Judge Thomas J. McAvoy Response to Motion due by 4/27/2012 Reply to Response to Motion due by 5/3/2012."). Accordingly, Plaintiff was well aware of the date opposition papers were due.

On April 27, 2012, Plaintiff filed a responsive statement of material facts, his own affidavit, and a memorandum in law in opposition to Defendants' motion. These materials are timely and will be considered in opposition to the motion for summary judgment. By letter dated April 27, 2012, **but filed on April 28, 2012**, Plaintiff's attorney stated:

> due to the confidentiality stipulation in this case, I am not permitted to electronically file in complete form the deposition transcripts in this matter. They will be delivered to the Court in traditional form. So too will the affidavits of Doug Wright and Robert Brotherton. Additionally, a CD of the recording of the May 7, 2010 meeting between Plaintiff and Defendants Valley, Barber and Tyler will also be delivered.
>
> Furthermore, up-loading of my affirmation with exhibits would not happen. I will try again tomorrow.

Dkt. No. 259. On Saturday, April 28, 2012, Plaintiff filed three affidavits in opposition to the motion for summary judgment. Dkt. Nos. 256-258. On Monday, April 30, 2012, Plaintiff filed an attorney's affirmation with exhibits, another personal affidavit, a "revised" memorandum of law in opposition to the motion for summary judgment, and several deposition transcripts.

For the reasons previously discussed, all materials not filed on or before April 27, 2012, the date such papers were due, must be rejected and will not be considered in connection with the instant motion. Aside from potential computer errors and the need to traditionally file certain documents, Plaintiff offered no explanation for the untimely filing. Thus, there is no proper basis upon which to excuse the untimely filing. With respect to the attorney's affirmation, any technical failure on Plaintiff's part is not a valid excuse for an untimely filing. See General Order 22, § 10.2 ("Problems with the Filing User's system . . .

will not . . . excuse an untimely filing."). Lastly, those exhibits that Plaintiff sought to file traditionally were required to be submitted on or before April 27, 2012; not at some later time of Plaintiff's choosing. See e.g., id. at § 4.4 (allowing parties to "timely file" additional excerpts or the complete document). Accordingly, Dkt. Nos. 256, 257, 258, 260, 261, 262, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, and 275[2] will not be considered in connection with the instant motion.

      Lastly, Rule 56(d) requires the nonmovant to show by affidavit or declaration that "for specified reasons, it cannot present facts essential to justify its opposition. . . ." Thus, the time for seeking relief pursuant to Fed. R. Civ. P. 56(d) (formerly Rule 56(f)) was on or before opposition papers were due. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (" A reference to Rule 56(f) [now Rule 56(d)] and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . .and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate. . . .").

      For the foregoing reasons, the request sought in Plaintiff's letter brief is DENIED. IT IS SO ORDERED.

Dated: May 2, 2012

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Or any other documents Plaintiff may file in connection with the pending motion for summary judgment.