UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MILLER,

                              Plaintiff,

    v.                                                          3:10-cv-597

CITY OF ITHACA, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Christopher Miller commenced the instant action asserting that he was discriminated against in connection with his employment on account of his race and gender and that he was retaliated against for engaging in protected activity. Miller asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 1981 and 1983; the New York State Human Rights Law ("HRL"); and the New York State Constitution. Many of Plaintiff's claims were dismissed on prior motions, familiarity with which is presumed. Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56, seeking dismissal of the Complaint in its entirety.

       Pursuant to the original Uniform Pretrial Scheduling Order, dispositive motions were required to be "**filed** on or before **February 29, 2012.**" Dkt. No. 64 (emphasis in original). During proceedings before Magistrate Judge Peebles on January 24, 2012, the motion filing deadline was extended until March 31, 2012. See January 24, 2012 Text Minute Entry. On January 27, 2012, a text scheduling order was issued stating that the "[m]otions to be filed

deadline is extended until 3/31/2012." By letter dated March 26, 2012, Defendants acknowledged that "[m]otions for Summary Judgment are due to be filed in this case by March 31, 2012." Dkt. No. 241. Defendants did not file their motion until April 2, 2012.

Pursuant to N.D.N.Y.L.R. 7.1(b)(3), "[t]he Court **shall** not consider any papers required under this Rule that are not timely filed . . . unless good cause is shown." As noted, Defendants' motion was filed on April 2, 2012, two days after the March 31, 2012 motion filing deadline set by the Magistrate Judge. Defendants neither requested nor obtained an extension of time in which to file their motion. Similarly, their motion papers do not provide any reason for not filing the motion by March 31, 2012.[1] Accordingly, their motion papers are untimely.[2]

The Court notes that March 31, 2012 is a Saturday.[3] Had the motion filing deadline been stated in terms of hours, days or a longer unit of time, Fed. R. Civ. P. 6(a)(1) or 6(2)(2) would have permitted Defendants to file their motion on the following Monday (April 2, 2012). Because, however, the Court set a specific, stated deadline, Rule 6(a) is inapplicable and papers were required to be filed on or before March 31, 2012 regardless of whether March 31 was a weekend or a holiday.

---

[1] Defendants' reply papers (which were filed after Plaintiff filed a motion to strike the motion for summary judgment as untimely) similarly do not address the timeliness of their motion.

[2] The Court also notes that Defendants' successfully opposed Plaintiff's efforts to file certain papers in opposition to their motion for summary judgment in an untimely manner. In their opposition, Defendants noted that "[t]he Federal Rules of Civil Procedure and the Local Rules of this Court apply to both parties. . . ." Dkt. No. 264; see also Dkt. No. 281 (Defendants' reply papers wherein they ask the Court to reject Plaintiff's opposition papers for various violations of the applicable rules). The Court agrees that the Rules should be applied equally to all parties.

[3] Because March 31was a Saturday, it appears that Defendants were of the belief that they then had until the following Monday (April 2) to file their papers.

The Advisory Committee Notes to the 2009 Amendments to subdivision (a) of Rule 6 provide as follows:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in Violette v. P.A. Days, Inc., 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of In re American Healthcare Management, Inc., 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order).  If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern.  But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

The Violette case cited in the Advisory Committee Notes involved a situation where persons seeking to opt out of a class action lawsuit were required to send notices "postmarked no later than February 14, 2004." February 14, 2004 was a Saturday.  The Sixth Circuit held "'Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days.'" Violette, 427 F.3d at 1018 (quoting Fleischhauer v. Feltner, 3 F.3d 148, 151 (6th Cir.1993)).  In so holding, the court noted that "filing deadlines are inherently arbitrary but, despite the potential harshness of their application, they must be enforced in the absence of equitable remedies." Violette, 427 F.3d at 1019 (citing United States v. Locke, 471 U.S. 84, 93-43 (1985)).  This is consistent with the Supreme Court's statements in Locke:

> The notion that a filing deadline can be complied with by filing sometime after the deadline falls due is, to say the least, a surprising notion, and it is a notion without limiting principle.  If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.  Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

United States v. Locke, 471 U.S. 84, 100-01, 105 S. Ct. 1785, 1796, 85 L. Ed. 2d 64 (1985); see also Kamps v. Fried, Frank, Harris, Shriver & Jacobson LLP, 274 F.R.D. 115, 119-20 (S.D.N.Y. 2011).

In the Fifth Circuit case of In re American Healthcare Management, Inc., 900 F.2d at 832, the court stated that:

> The clear purpose of the rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which courts are closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday. There is no legally significant reason for treating such a situation differently from a situation in which a deadline for acting is the sixtieth day following some event and the sixtieth day turns out to be a legal holiday. To conclude that Rule 9006(a) applies in the latter situation but not in the former would truly be assigning significance to a distinction without a difference.

Similarly, in the Federal Practice and Procedure treatise, Professors Wright and Miller state that:

> Rule 6(a) also can be used for the computation of time in the context of a specified date.  Therefore, if the district court orders certain requests and motions to be filed by a specified date and the date is actually a Saturday, Sunday, or legal holiday, the court can extend the deadline to the next day that is not a weekend day or a legal holiday. This is consistent with the recognition that district courts should possess broad discretion in managing their calendars.

4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1162 (3d ed.). In making this statement, Professors Wright and Miller cite to In re American Healthcare Management, Inc. (discussed above) and Bailey v. United Airlines, 279 F.3d 194, 203 (3rd Cir. 2002).  In Bailey, the Third Circuit acknowledged that "[t]he language of Rule 6 . . . does suggest it applies only when a computation of time is involved.  In fact, the rule would be unnecessary in the context of a specified date." Id.  Nevertheless, the Third Circuit held that courts have broad discretion in the management of their calendars and, thus, even in the

- 4 -

context of a specified deadline, may count as timely a motion filed the next business day after a holiday or weekend. Id.

While the Fifth Circuit's holding in In re American Healthcare Management, Inc., and the Third Circuit's holding in Bailey may be seen as providing equitable results, they both predate the Amendments to Rule 6 and run counter to the Supreme Court's statements in Locke. As noted, the 2009 Amendments to Rule 6 expressly rejected the holding in In re American Healthcare Management, Inc. and, by analogy, that in Bailey. Accordingly, the Court declines to follow those cases.

This Court set specific deadlines for the filing of motions. Rule 6 has explicit procedures and standards for requesting extensions of time in such a case. Defendants did not avail themselves of those procedures or set forth sufficient reasons for an extension of the motion filing deadline.

Defendants may not argue that the Clerk's office was inaccessible for purposes of filing their motion for summary judgment. Through the use of CM/ECF (electronic case filing), Defendants could have accessed the Clerk's office on March 31, 2012 for purposes of filing their motion. Although Rule 6 "did not attempt to define inaccessibility," leaving it up to development through caselaw, see Fed. R. Civ. P. 6 2009 advisory committee notes to Subd. (a)(3), the Rules appear to contemplate that the Clerk's office **is** accessible when electronic filing is available. See Fed. R. Civ. P. 6 2009 Advisory Committee Notes to Subd. (a)(3) ("The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system."). With electronic filing, the Clerk's office was accessible for purposes of filing papers and Defendants could have filed their motion in a timely manner. See In re Wholesale Grocery

Products Antitrust Litigation, 2011 WL 586413, at *1 (D. Minn 2011) (Although the January 17, 2011 deadline for filing motions to amend the pleadings was a holiday, "the Court's electronic CM/ECF system was in operation and therefore the Clerk's Office was not "inaccessible" as contemplated by Rule 6 of the Federal Rules of Civil Procedure."); In re Runkle, 333 B.R. 734, 739 n.3 (Bankr. D. Md. 2005) ("Filing by ECF ends the concept of the clerk's office being inaccessible on weekends and legal holidays. Under ECF, the clerk's office is always open for the reception of filings.").

For the foregoing reasons, Defendants' motion for summary judgment (Dkt No. 244) is DENIED as untimely.  See In re School Asbestos Litigation, 977 F.2d 764, 794 (3d Cir. 1992) ("[I]f parties have been warned that they must move by a certain time and do not do so, they have waived their right to summary adjudication."); Patridge Woods Condominium Ass'n v. August Assocs. Architects, Inc., 1994 WL 260633, at *1 (D.N.H. 1994); see also Oneida National of New York v. Paterson, 279 F.R.D. 76, 79 (N.D.N.Y. 2012) (denying motion filed after dispositive motion filing deadline); McCarthy v. Stollman, 2009 WL 2448583, at *1 (S.D.N.Y. 2009); Whitney Lane Holdings, LLC v. Sgambettera & Assocs., P.C., 2011 WL 4711882, at *2 (E.D.N.Y. 2011); Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F. Supp.2d 397, 403 (S.D.N.Y. 2003).  Plaintiff's motion to strike Defendants' motion (Dkt. No. 278), brought by Order to Show Cause, is DENIED as moot.
IT IS SO ORDERED.
Dated: May 4, 2012

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge