**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CHRISTOPHER MILLER,**

                    **Plaintiff,**

     **v.**                            **3:10-cv-597**

**CITY OF ITHACA, et al.,**

                    **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Decision and Order dated June 1, 2012 (Dkt. No. 288), familiarity with which is presumed, the Court granted in part and denied in part Defendants' motion for summary judgment. Defendant Byrd now moves for reconsideration of that portion of the Court's Decision and Order that denied summary judgment as to the claims against him. In support of his motion, Defendant Byrd claims that the Court did not make any findings that he acted with the necessary intent, or supervised with gross negligence, to sustain the claims against him.

Defendant's motion it denied because, as an initial matter, he fails to demonstrate an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Engels v. Vill. of Potsdam, 7:09-CV-785, 2009 WL 3077618 (N.D.N.Y. Sept. 24, 2009). Thus, reconsideration is not appropriate.

Turning to the substance of Defendants' motion, the Court did find a triable issue of fact whether Byrd acted with the requisite intent based on the available circumstantial evidence including: (1) that Plaintiff may have been assigned walking beats, the Commons beat, or the Collegetown beat more frequently than other similarly situated officers (which can suggest an improper motive by Byrd, who made the assignments); (2) Byrd acknowledged changing Plaintiff's beat assignments, although purportedly due to Plaintiff's behavioral issues; (3) the walking beats were considered undesirable and given to officers in trouble with the administration; and (4) the change of assignments occurred close in time to the July 2009 charge of discrimination.  See Gorman-Bakos v. Cornells Co-op Extension of Schenectady County, 252 F.3d 545, 554 (2d Cir. 2001).

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.
IT IS SO ORDERED.
Dated: August 7, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge