UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MILLER,

              Plaintiff,           3:10-cv-597
                                           (GLS/DEP)

    v.

CITY OF ITHACA, NEW YORK et al.,

              Defendants.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Bosman Law Office                  AJ BOSMAN, ESQ.
6599 Martin Street
Rome, NY 13440

**FOR THE DEFENDANTS:**
Stokes, Roberts Law Firm           PAUL E. WAGNER, ESQ.
903 Hanshaw Road
Ithaca, NY 14850

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Christopher Miller commenced this action against defendants City of Ithaca, New York, Edward Vallely, John Barber, Pete Tyler, Lauren Signer, Andrew Navarro, Marlon Byrd, Scott Garin, and John and Jane

Does related to his employment with the City of Ithaca Police Department, alleging causes of action including, as relevant here, claims of retaliation pursuant to Title VII of the Civil Rights Act of 1964[1] and the New York Human Rights Law.[2] (2d Am. Compl., Dkt. No. 88.) Pending is the post trial "renewed summary judgment" motion of the City, Vallely, Barber, Tyler, and Byrd (hereinafter "defendants"), which seeks dismissal of all remaining claims. (Dkt. No. 558.) For reasons explained below, the motion is denied.

## II. Background

Given the extensive motion practice and prior decisions in this action, the court presumes the parties' familiarity with the relevant underlying facts, and includes only those facts it deems pertinent to the pending motion. This action was commenced in May 2010, and was assigned to U.S. District Judge Thomas A. McAvoy. (*See generally* Dkt. No. 1.) In September 2012, the matter came to be tried before a jury. (Dkt. Nos. 495-515.) The jury found that the City, Vallely, Barber, and Tyler retaliated against Miller for engaging in protected activity by issuing a June 1 Notice

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] *See* N.Y. Exec. Law §§ 290-301.

of Discipline (NOD), and that Byrd retaliated against Miller by making certain beat assignments. (Dkt. No. 454 at 3-4.) Damages in the amount of $2,000,004 were awarded by the jury, (*id.* at 5), and judgment was thereafter entered, (Dkt. No. 460).

Among other post trial motions, defendants moved pursuant to Fed. R. Civ. P. 50 and 59 for judgment as a matter of law or, alternatively, a new trial. (Dkt. Nos. 472, 474.) Judge McAvoy denied the motion for judgment as a matter of law in its entirety, but granted a new trial with respect to the retaliation claim regarding the beat assignments alleged against Byrd. (Dkt. No. 528 at 9-11.) The verdict with respect to the NOD was not disturbed, but because the award of damages was general with respect to both claims of retaliation, a new trial was ordered on non-economic compensatory damages relevant to the NOD. (*Id.* at 11-13.) In light of that ruling, the judgment was subsequently vacated. (Dkt. No. 556.) Among other things, defendants thereafter sought to file a renewed summary judgment motion. (Dkt. Nos. 534, 542.) "Without ruling on the propriety of a renewed post-trial motion for summary judgment or the merits of any such motion," Judge McAvoy permitted defendants to file such a motion. (Dkt. No. 554 at 4.) In the same order that permitted the renewed motion,

3

the court directed the Clerk to transfer the action to another judge for all further proceedings. (*Id.*) This court was assigned, (Dkt. No. 557), and defendants filed the pending renewed summary judgment motion, (Dkt. No. 558).

### III. Discussion

Defendants argue that, in light of an arbitrator's award, which should be given collateral estoppel effect, and the factual findings of Judge McAvoy in his order granting a new trial on the beat assignments claim and damages, they are entitled to judgment as a matter of law on all remaining claims, and that a second trial is unnecessary. (Dkt. No. 558, Attach. 1 at 15-23.) Miller contends that a posttrial summary judgment motion is impermissible, the arbitrator's decision is irrelevant, and that Judge McAvoy's factual findings "cannot . . . be used in a belated effort to set aside the verdict." (Dkt. No. 562 at 2-15.) After defendants' motion was fully briefed, (Dkt. Nos. 558, 562, 569), they filed a letter notifying the court of *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), (Dkt. No. 571), a then day-old Supreme Court decision holding that, to be successful on a claim of retaliation brought under Title VII, the plaintiff must prove his claim "according to traditional principles of

4

but-for causation, not the lessened causation test stated in § 2000e-2(m)"; in other words, the plaintiff must show "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533; *see Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 n.5 (2d Cir. 2013) (explaining that, prior to *Nassar*, pretext could be proven with evidence that retaliatory motive was "'a substantial or motivating factor behind the adverse action'" (quoting *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001)). For reasons that are apparent below, the court deals with each of Miller's remaining claims of retaliation separately.

## A.  Retaliation: The NOD

The court appreciates the apparent impact that *Nassar* would have upon the NOD-related claim of retaliation. Because the jury's verdict was left intact as to liability on that claim, (Dkt. No. 528 at 11-12), and the time for raising an argument about a change in law has passed, defendants are without recourse regarding the standard of causation that now clearly applies to retaliation claims post-*Nassar*. As for the instant renewed summary judgment motion, no authority permits defendants to seek judgment on the NOD-related claim at this late juncture, and no other

avenue—including a motion under Rule 50, 59, or 60, or one seeking reconsideration of a prior order—affords them that ability either.

1. *Rule 56*

While the standard of review applicable to motions brought pursuant to Fed. R. Civ. P. 56 is well established, *see Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012), the court's primary task here is one of determining whether such a motion may be made given the unique posture of this case. If there is any authority that would permit a posttrial summary judgment motion under Rule 56 in a similarly postured case, the court—after exhaustive searching—is unaware of it. Indeed, defendants provide support only for the proposition that successive summary judgment motions may be filed in a given case based upon an expanded record, and argue that the court is vested with the discretion to permit a posttrial summary judgment motion for the purpose of avoiding an unnecessary second trial.[3] (Dkt. No. 558, Attach. 1 at 13-15; Dkt. No. 569 at 3-4.)

---

[3] Defendants' arguments rely heavily upon the notion that Judge McAvoy's discussion of the evidence presented at trial constitutes a binding resolution of factual disputes. Again, the court cannot justify defendants' position with decisional law.

6

Aside from the absence of any enabling authority, the scheme of the Federal Rules of Civil Procedure suggests that a "renewed" summary judgment, filed post-jury trial, contravenes Rule 50, which expressly provides for judgment as a matter of law in a jury trial and is governed by the exact same standard that applies to pretrial motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *This is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir. 1998). Understanding that under some circumstances it may be appropriate to entertain a summary judgment motion under Rule 56 after trial where a claim or claims remain for adjudication at a subsequent trial—as is the case with respect to the beat assignments claim, discussed below—it is not appropriate here, where the jury's verdict on liability for retaliation related to the NOD remains intact.

    2.    *Rules 50 and 59*

Judgment as a matter of law may be obtained by moving under Rule 50, which requires that a renewed motion be filed "[n]o later than [twenty-eight] days after the entry of judgment." Fed. R. Civ. P. 50(b). Rule 59 provides an avenue for seeking a new trial following a jury trial. *See* Fed. R. Civ. P. 59(a)(1)(A). Such a motion is subject to the same rigid time

7

limitation as that under Rule 50(b): it "must be filed no later than [twenty-eight] days after the entry of judgment," Fed. R. Civ. P. 59(b), and the courts are without authority to extend the time within which a party may move under either Rule 50(b) or Rule 59(b), *see* Fed. R. Civ. P. 6(b)(2).

Here, defendants timely moved pursuant to Rules 50 and 59 following entry of judgment, (Dkt. No. 474), and were partially successful in that endeavor, (Dkt. No. 528 at 9-12, 20). While *Nassar* may have supported relief in the form of a new trial on Miller's NOD-related claim of retaliation had it been decided earlier,[4] defendants' pending motion, even if construed as made under Rule 50 or 59, would be untimely because it was filed well beyond twenty-eight days after entry of judgment. (Dkt. Nos. 460, 558.)

The pending motion cannot be construed as seeking reconsideration

---

[4] The court in no way considers Judge McAvoy's factual findings as resolving the readily apparent factual disputes regarding the NOD-related claim of retaliation. Indeed, Judge McAvoy specifically noted that "a jury could reasonably have concluded that the statements in [Miller]'s charges of discrimination were a motivating factor in [d]efendants' decision to issue the [NOD]." (Dkt. No. 528 at 12.) While it is also true that Judge McAvoy specifically mentioned that there were "legitimate, non-discriminatory reasons for the issuance of the [NOD]," (*id.*), which suggests the absence of but-for causation clearly required by *Nassar*, that decision cannot now be used to undo the jury's finding of retaliation under the old substantial or motivating factor test.

8

of defendants' original Rule 50 and 59 motions either. Under the Local Rules of Practice in this District, a motion for reconsideration must be filed no later than fourteen days after the entry of the challenged order. *See* N.D.N.Y. L.R. 7.1(g). Defendants' pending motion was filed on May 17, 2013, (Dkt. No. 558), which was nearly six months after entry of Judge McAvoy's decision, which, in part, denied their Rule 50 and 59 motions, (Dkt. No. 528). Even though extensions of time may be granted for purposes of elongating the period within which to file a motion for reconsideration, *see* Fed. R. Civ. P. 6(b), the court does not grant such a lengthy extension here.

    3.    *Rule 60*

Unlike a motion under Rule 50 or 59, the timing requirements of a Rule 60 motion are much less strict. Some grounds for relief under Rule 60(b) trigger a one year limitation, whereas others, including relief pursuant to Rule 60(b)(6), may be pursued "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A party may seek relief from a judgment or order for five specific reasons, none of which apply here, or for "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b). Courts routinely reject the notion that a change in law constitutes "extraordinary

9

circumstances" to trigger Rule 60(b)(6) relief.  *See Stevens v. Miller*, 676 F.3d 62, 69 (2d Cir. 2012) ("[A] change in decisional law rarely constitutes the 'extraordinary circumstances' required to prevail on a Rule 60(b)(6) motion."); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272-73 (2d Cir. 1994) (same).  Presuming that *Nassar* constitutes a change in law, a point on which the parties indirectly disagree, (Dkt. No. 558, Attach. 1 at 20-21; Dkt. No. 562 at 9-10; Dkt. No. 569 at 4-6), the court declines to find that such a change in decisional law would warrant relief under Rule 60(b)(6) here.  While it results in a somewhat harsh outcome for defendants, they have no basis to attack the jury's finding of retaliation related to the NOD based upon a change in law or the arbitrator's award.  It is simply too late to do so.  Accordingly, Miller's claim of retaliation, based upon Title VII and the New York Human Rights Law, pertaining to the issuance of the NOD will not be disturbed, and only the question of damages remains for trial.  (Dkt. No. 528 at 12-13.)

B. **Retaliation: Beat Assignments**

Even if a renewed motion for summary judgment is appropriate as to the beat assignment claim, the disputed facts are such that relief is not appropriate.  In support of their motion, defendants contend that the beat

10

assignment claims should be dismissed in light of Judge McAvoy's finding that "the evidence at trial was insufficient to show that the assignment of [Miller] to the Collegetown and Commons beats would have 'dissuade[d] a reasonable person from complaining of, or supporting, a charge of discrimination.'" (Dkt. No. 558, Attach. 1 at 22-23 (quoting Dkt. No. 528 at 9).)[5]

The fundamental flaw in defendants' argument is their mistaken belief that Judge McAvoy's factual findings resolved disputed issues of fact that, in actuality, must be determined by a jury at trial. Indeed, the court was entitled to make factual determinations in deciding whether a new trial was warranted, *see Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003), and Judge McAvoy's discussion of the evidence is no more than a sound application of the applicable standard of review, (Dkt. No. 528 at 7-8, 9-11).[6] Accordingly, the claim related to Miller's beat

---

[5] Notably, the award of arbitration does not contemplate Miller's beat assignments, (Dkt. No. 558, Attach. 5), and, thus, the issue of whether preclusive effect should be given to the arbitrator's factual findings is of no moment.

[6] Moreover, Judge McAvoy specifically found that, viewing the evidence in the light most favorable to Miller, judgment as a matter of law was not warranted. (Dkt. No. 528 at 11 n.8.)

11

assignments must be tried.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 558) is **DENIED**; and it is further

**ORDERED** that the case is trial ready and the Clerk shall issue a trial scheduling order in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 28, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court