UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MILLER,

          Plaintiff,

v.

CITY OF ITHACA, NEW YORK et al.,

          Defendants.
_____

3:10-cv-597
(GLS/DEP)

## SUMMARY ORDER

Pending is the motion for reconsideration, or, alternatively, for relief from an order pursuant to Rule 60 of the Federal Rules of Civil Procedure, of defendants City of Ithaca, Edward Vallely, John Barber, Pete Tyler, and Marlon Byrd. (Dkt. No. 573.) In opposition to that motion, plaintiff Christopher Miller, among other things, seeks a finding by the court that defendants' motion is frivolous, requests costs and fees, asks the court to put defendants on notice that their motion violates Rule 11(b), and seeks an order directing defendants to show cause why their conduct does not violate Rule 11(b). (Dkt. No. 574.) For the reasons that follow, defendants' motion is denied, and Miller's request is likewise denied.

**A.** **Reconsideration**

Without explaining how it satisfies the strict standard applicable to motions for reconsideration, *see In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2-3 (N.D.N.Y. 1995) ("Generally, the court recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."), defendants contend that the combination of the jury's verdict, Judge McAvoy's December 21, 2012 order, and the arbitrator's decision, show "mixed motive," which cannot support liability for retaliation based upon the law as it existed in the Second Circuit at the time of trial, *see, e.g.*, *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). (Dkt. No. 573, Attach. 1 at 1-3.) According to defendants, controlling law in this Circuit dictates that the arbitrator's ruling "necessitates a judgment in favor of [them]" on the June 1 Notice of Discipline (NOD) retaliation claim. (*Id.* at 3.)

The court will not address the merits of these arguments. Defendants have failed to marry up their assertions with the rule of law applicable to motions for reconsideration. Indeed, the court's January 28, 2014 order made clear beyond doubt that defendants' motion thereby

2

resolved was denied because "no authority permits defendants to seek judgment on the NOD-related claim at this late juncture, and no other avenue—including a motion under Rule 50, 59, or 60, or one seeking reconsideration of a prior order—affords them that ability either." (Dkt. No. 572 at 5-6.) The court did not purport to resolve the legal issues identified in defendants' pending motion. And the court's discussion of *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), was only relevant inasmuch as it appeared as though defendants brought it to the court's attention for the purpose of demonstrating a change in law,[1] which, as analyzed by the court, could not support relief under Rule 60(b)(6). (Dkt. No. 572 at 10.) Accordingly, defendants' motion for reconsideration is denied.

## B.     Relief From an Order Under Rule 60

Alternatively, defendants argue that the court should provide relief pursuant to Rule 60 "to [c]orrect [c]lear [e]rror and to [a]void [m]anifest [i]njustice" with respect to the NOD-based claim. (Dkt. No. 573, Attach. 1 at 4-5.) Defendants contend that the arbitrator's decision constitutes: (1)

---

[1] Indeed, without any reference to *Matima*, defendants previously described *Nassar* as "dispositive of the primary issue in its Renewed Motion for Summary Judgment." (Dkt. No. 571 at 1.)

newly discovered evidence mandating relief under Rule 60(b)(2); and (2) demonstrates "extraordinary circumstances" justifying relief under Rule 60(b)(6).  (*Id.*)  In light of these arguments, defendants "request that the [c]ourt exercise its authority . . . and enter judgment . . . on the [NOD] retaliation claim." (*Id.* at 5.)  Alternatively, defendants seek a new trial.  (*Id.* at 5 n.2.)

Defendants do not specifically identify the order from which they seek relief, which, in and of itself, counsels the denial of their motion.  Without knowing which order is challenged, the court is hard-pressed to measure the timeliness of the motion under Rule 60(b).  Regardless, neither of defendants' arguments are compelling on the merits either.  First, the arbitrator's decision is not "newly discovered evidence" in the sense required by the rule because it was not "of facts that *existed at the time of trial*" but that the movant was "justifiably ignorant of . . . despite due diligence."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (emphasis added) (quoting *United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).  Indeed, the parties and court well knew that the arbitrator's decision was imminent at the time of

4

trial, but that decision did not exist until afterward. (Dkt. No. 575,[2] Attach. 2 ¶¶ 10-11, 15.) Accordingly, Rule 60(b)(2) is not a viable avenue of relief.

Second, on the Rule 60(b)(6) branch of the motion, defendants have not demonstrated exceptional circumstances warranting relief. At trial, defendants did not advance a mixed motive/same decision defense with respect to the NOD retaliation claim. In their proposed jury instructions, defendants in essence made a request that but-for causation be charged, (Dkt. No. 315 at 4 ("In order to establish causation, the [p]laintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the [p]laintiff not engaged in protected activity.").) That request was not supported by Second Circuit law at the time—and it was not even supported by *Matima*. Undoubtedly, the standard of causation in the Second Circuit before *Nassar* was motivating factor, which was exactly how the trial judge charged the jury in *Matima*. *See* 228 F.3d at 77. The difference between the present case and *Matima* is that a mixed motive/same defense charge was also requested and given there, and the jury affirmatively found that,

---

[2] The court notes that defendants sought permission to file a reply. (Dkt. No. 575.) That motion is granted, the proposed reply is deemed filed, and was considered by the court.

despite the plaintiff's demonstration that his protected activity was a motivating factor leading to an adverse employment action, the employer would have taken the same employment action even if the unlawful retaliatory motive was not present. *Id.* at 78. In other words, in *Matima*, the defendant proved an affirmative defense that defendants here did not pursue. The court finds no error in Judge McAvoy's jury charge. In light of the fact that defendants did not even pursue the mixed motive/same decision defense as to the NOD-based retaliation claim, the court finds no exceptional circumstances warranting relief pursuant to Rule 60(b)(6).

C. **Fees and Costs, and Rule 11**

While defendants' motion is without merit, it does not rise to the level of sanctionable frivolity that Miller intimates. With the admonition that the court will not tolerate vituperative comportment as between the parties through the final disposition of this matter, nor will it be abused by requests to pass upon the same arguments over and over again, Miller's application is denied.

Accordingly, it is hereby

**ORDERED** that defendants' motion requesting permission to file a reply (Dkt. No. 575) is **GRANTED** and the proposed reply is deemed

**FILED**; and it is further

**ORDERED** that defendants' motion for reconsideration or relief from an order (Dkt. No. 573) is **DENIED**; and it is further

**ORDERED** that Miller's application for fees and costs and other relief relevant to Rule 11 (Dkt. No. 574) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 29, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court