UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MILLER,

                            Plaintiff,                    3:10-cv-00597 (BKS/DEP)

v.

CITY OF ITHACA, NEW YORK, et al.,

                            Defendants.
_____

**Appearances:**

*For Plaintiff:*
A.J. Bosman
Bosman Law Firm LLC
201 W. Court Street
Rome, NY 13440

*For Defendants:*
Paul E. Wagner
Stokes Wagner, ALC
903 Hanshaw Road
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On April 11, 2019, Plaintiff Christopher Miller moved by order to show cause for a turnover order under Rule 69(a)(1) of the Federal Rules of Civil Procedure and section 5225(b) of the New York Civil Practice Law and Rules ("CPLR") directing the Tompkins County Trust Company ("TCTC")[1] to turn over funds of Defendant City of Ithaca in its possession to satisfy

---

[1] Plaintiff also refers to the entity as "Tompkins Trust Co." (*See* Dkt. No. 826). According to public records, Tompkins County Trust Company changed its legal name and is currently doing business as Tompkins Trust Company, which is headquartered in Ithaca, New York. *See Tompkins Trust Company (FDIC # 609)*, FDIC, https://research.fdic.gov/bankfind/detail.html?bank=609&name=Tompkins%20Trust%20Company (last visited June 17,

two judgments entered in Plaintiff's favor. (Dkt. No. 817). Defendants oppose entry of a turnover order pending appeal. (Dkt. No. 828). For the reasons set forth below, the Court grants Plaintiff's motion for a turnover order.

## II.     BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case. As is relevant for purposes of the pending motion, the Court entered a September 7, 2016 final amended judgment partly awarding $20,000 to Plaintiff on one of his claims against Defendant City of Ithaca, (Dkt. No. 749), and a January 5, 2017 separate judgment for $520,327 in attorney's fees and costs, (Dkt. No. 786). The Second Circuit subsequently affirmed the judgments as to these specific money awards.[2] (Dkt. No. 789, at 3, 5, 10). After the mandate was issued on January 8, 2019, (Dkt. No. 792), Defendants asked this Court to stay enforcement of the judgments pending retrial of Plaintiff's remaining claim, but the Court denied the request and Defendants' motion for reconsideration, (Dkt. Nos. 801, 802, 803, 804). Defendants then appealed and moved for a stay of enforcement pending appeal, which this Court denied on April 3, 2019. (Dkt. No. 814).

Plaintiff obtained transcripts of judgments from the Clerk of Court and filed them with the Tompkins County Clerk in accordance with CPLR 5018(b). (*See* Dkt. No. 817-3, at 1–6). On April 9, 2019, Plaintiff served a restraining notice on TCTC under CPLR 5222(b). (*Id.* at 16–27). Two days later, Plaintiff filed the present motion by order to show cause seeking a turnover order

---

2019). According to Securities and Exchange Commission filings, Tompkins Trust Company is a New York State–chartered commercial bank. *See* Tompkins Fin. Corp., Annual Report (Form 10-K), at 2 (Mar. 1, 2019), https://www.sec.gov/Archives/edgar/data/1005817/000100581719000003/tmp-20181231x10k.htm. This Court may take judicial notice of a public record in evaluating personal jurisdiction. *See Taormina v. Thrifty Car Rental*, No. 16-cv-3255, 2016 WL 7392214, at *5 n.6, 2016 U.S. Dist. LEXIS 176673, at *15 n.6 (S.D.N.Y. Dec. 21, 2016).

[2] The Second Circuit, however, reversed the portion of the September 7, 2016 final amended judgment that awarded $260,001 to Plaintiff on his other claim against Defendants City of Ithaca, Edward Vallely, John Barber, and Peter Tyler. (Dkt. No. 789, at 4–5).

under CLPR 5225(b) to satisfy the judgments against Defendant City of Ithaca. (Dkt. No. 817). Following further briefing by the parties, the Court determined that it had jurisdiction to enforce the judgments pending appeal, (Dkt. No. 824), and issued the order to show cause on May 7, 2019, (Dkt. No. 825), which Plaintiff served on Defendant City of Ithaca and TCTC on May 9, 2019, (Dkt. Nos. 826, 827). The motion is now fully briefed. (*See* Dkt. Nos. 817-4, 828, 829).

## III. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 69(a)(1), which governs motions to enforce a federal money judgment, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Article 52 of the CPLR details various provisions for enforcing money judgments under New York law; one of them—the turnover provision—allows a judgment creditor to commence a "special proceeding" against a third person who is "in possession or custody of money or other personal property in which the judgment debtor has an interest." N.Y. C.P.L.R. 5225(b).[3] Because there is no provision for such a special proceeding under the Federal Rules of Civil Procedure, "a party seeking a money judgment against a non-party garnishee may proceed by motion" under Rule 69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469–70 (2d Cir. 2018).

---

[3] In pertinent part, CPLR 5225(b) states:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money . . . .

3

To obtain a turnover order, the judgment creditor must show that: (1) "the judgment debtor has an interest in the property the creditor seeks to reach"; and (2) either "the judgment debtor is 'entitled to the possession of such property'" or "the judgment creditor's rights to the property are superior to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (internal quotation marks omitted). "A debtor obviously has an interest in its own money or property held by a third party, but that does not necessarily mean it is entitled to *possession* of that money or property." *Id.* at 841. For example, if there is a "prior lien on the funds," the judgment debtor may not be entitled to possession of the funds. *Id.*

**B.      Application**

The affidavit of service filed by Plaintiff shows that his process server personally served the turnover motion papers on a branch operations officer of TCTC, (Dkt. No. 826), and public records show that TCTC is domiciled in New York, (*see supra note* 1). Although TCTC had an opportunity to respond to the motion, it did not do so, nor did it otherwise assert lack of personal jurisdiction or improper service under Rule 4.[4] Therefore, the Court concludes it has personal jurisdiction over TCTC. *See CSX*, 879 F.3d at 470 (observing that "personal jurisdictional [was] clear" where the garnishee had its principal place of business in New York and the record showed that the plaintiff complied with Rule 4).

Further, the Court finds that Plaintiff has made the requisite showing to obtain a turnover order under CPLR 5225(b). In her affirmation, Plaintiff's counsel asserts that she "confirmed

---

[4] In its order to show cause, the Court instructed Plaintiff to serve the order to show cause and "the papers on which it is based" on TCTC "in the same manner as that prescribed for service of a Summons under Fed. R. Civ. P. 4." (Dkt. No. 825, at 2). It suffices that the motion papers were served "in the same manner as a summons" under Rule 4 because "Rule 69 allows turnover orders to be entered on motions." *Allstate Ins. Co. v. Mirvis*, No. 08-cv-4405, 2018 WL 4921631, at *10, 2018 U.S. Dist. LEXIS 221167, at *31 (E.D.N.Y. Sept. 4, 2018) (internal quotation marks omitted); *accord FedEx TechConnect, Inc. v. Ontrend Int'l, Inc.*, No. 11-cv-3359, 2014 WL 5392789, at *1, 2014 U.S. Dist. LEXIS 152667, at *2 (S.D.N.Y. Oct. 15, 2014) (finding proper service where third party was served under Rule 4 with the order to show cause and supporting papers seeking a turnover judgment, and noting that "service consistent with Rule 4 is sufficient for jurisdiction to attach").

4

that the Restraining Notice has been processed by Tompkins County Trust Company" and that "[f]unds of the City of Ithaca that are needed to satisfy the Judgments are being held by Tompkins County Trust Company pursuant to the Restraining Notice." (Dkt. No. 817-2, at 3). Since the funds in TCTC's possession are the City of Ithaca's, Defendant City of Ithaca necessarily has an interest in those funds, and the first step of the turnover inquiry is satisfied. Additionally, because TCTC set the funds aside for satisfaction of the judgments, TCTC must recognize that Defendant City of Ithaca would be entitled to possession of the funds but for the restraining notice. No one contends that there is a "prior lien on the funds" held by TCTC. *Beauvais*, 942 F.2d at 841. Thus, Plaintiff has satisfied the second step of the inquiry as well.

Defendants do not tailor their argument to the turnover standard. Instead, they argue that enforcement of the judgments is premature and would unnecessarily burden taxpayers pending resolution of their appeal and the trial of Plaintiff's remaining claim. (*See* Dkt. No. 828, at 1–3). They also contend that they "may not be able to recoup the judgment from the Plaintiff" if the Court of Appeals grants the relief they requested. (*Id.* at 3). Finally, they maintain, without citation to any authority, that the September 7, 2016 final amended judgment is not "executable" in its present form because part of that judgment was reversed on appeal. (*Id.* at 4). As Plaintiff correctly notes, "Defendant's opposition merely recycles arguments previously made," (Dkt. No. 829), and rejected by this Court in its April 3, 2019 order denying stay of enforcement pending appeal, (Dkt. No. 814). For the reasons articulated in that order, the Court again rejects Defendants' attempt to evade enforcement of the judgments. Accordingly, the Court grants Plaintiff's motion for a turnover order.

IV. CONCLUSION

For these reasons, it is hereby

5

**ORDERED** that Plaintiff's motion for a turnover order (Dkt. No. 817) is **GRANTED**; and it is further

**ORDERED** that Tompkins Trust Company shall pay to Plaintiff Christopher Miller the funds of Defendant City of Ithaca that Tompkins Trust Company has in its possession or custody to the extent sufficient to satisfy the $20,000 judgment entered on September 7, 2016 and the $520,327 in attorney's fees and costs awarded in a separate judgment on January 5, 2017.

**IT IS SO ORDERED.**

Dated: June 17, 2019
      Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge