UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER MILLER,

                **Plaintiff,**

     v.                                                      3:10-CV-597 (BKS/ML)

**CITY OF ITHACA, et al.,**

                **Defendants.**
_____

**Appearances:**

A.J. Bosman, Esq.
Bosman Law Firm, L.L.C.
3000 McConnellsville Road
Blossvale, New York 13308
*For the Plaintiff*

Paul E. Wagner, Esq.
STOKES WAGNER, ALC
903 Hanshaw Road
Ithaca, New York 14850
*For the Defendants*

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

After several trials and appeals, Plaintiff Christopher Miller has one remaining cause of action in this long-spun case: retaliation in violation of Title VII of the Civil Rights Act of 1964. *See Miller v. City of Ithaca, New York*, 758 F. App'x 101 (2d Cir. 2018). Plaintiff, a former member of the Ithaca Police Department ("IPD), claims that Defendants retaliated against him for engaging in protected activity by issuing him a Notice of Discipline on June 1, 2010 that led

1

to the termination of his employment. (*Id.*). Trial on that claim is scheduled to begin on February 18, 2020. (Dkt. No. 888). Currently before the Court are the parties' initial motions in limine. (Dkt. Nos. 848–50).[1] Defendants seek to admit into evidence an arbitration decision dated February 27, 2013, wherein arbitrator Thomas J. Maroney found that clear and convincing evidence supported the Notice of Discipline and that Plaintiff should be discharged for just cause. (Dkt. No. 848). Defendants further argue that the arbitrator's decision and his factual findings should be given preclusive effect at trial. (*Id.*). Conversely, Plaintiff seeks to preclude Defendants from using the arbitration decision at trial. (Dkt. No. 849). The parties oppose the respective motions. (Dkt. Nos. 855, 856). The Court heard argument on August 30, 2019 and permitted supplemental briefing. (*See* Dkt. No. 866). After careful consideration, the motions are granted in part and denied in part.

## II. BACKGROUND

Plaintiff commenced this action on May 20, 2010, alleging a host of discrimination and retaliation claims against his employer, the City of Ithaca, and related individual defendants. (Dkt. No. 1). On June 1, 2010, he received a Notice of Discipline ("NOD") charging him with filing a false application for employment with the IPD, with a proposed penalty of termination of employment. (*See* Dkt. No. 244-53). Pursuant to his union's Collective Bargaining Agreement, Plaintiff appealed the NOD to arbitration. Plaintiff also amended his civil complaint to include the NOD. (Dkt. No. 11). Before Plaintiff's appeal went to arbitration, the case went to trial before Judge Thomas J. McAvoy. On October 18, 2012, the jury returned a verdict in Plaintiff's favor on his retaliation claims related to the NOD and certain "beat assignments." (*See* Dkt.

---

[1] Plaintiff has filed two motions in limine, which consist of a complete motion which is missing counsel's signature (Dkt. No. 849), and a notice of motion with a proper signature (Dkt. No. 850). Accordingly, the Court will treat Dkt. No. 849 as the operative motion and deny Dkt. No. 850 as moot.

2

Nos. 452–53). The jury was instructed using the "motivating factor" standard for causation on the claims. (*See* Dkt. No. 514, p. 30). Then on December 21, 2012, Judge McAvoy ordered a new trial on Plaintiff's retaliation claim with respect to the beat assignments and on the issue of non-economic damages with respect to both retaliation claims. (Dkt. No. 528).

Meanwhile, an arbitration took place between Plaintiff's union and his employer regarding the NOD, with hearings on fifteen days over a two-year period, from August 2010 to July 2012, before arbitrator Thomas J. Maroney. (*See* Dkt. No. 862-2). On February 27, 2013, Maroney issued a 52-page written decision, concluding that "[t]he evidence shows that the Grievant [Plaintiff] should be discharged for Just Cause for Incompetence or Misconduct, as set forth in the Notion of Discipline of June 1, 2010." (*Id.*, p. 44). Maroney found that the City had proven by clear and convincing evidence certain facts including:

1) The Grievant *falsely completed and filed* his October 5, 1999 application for the Ithaca Police Department;

2) He did so by intentionally failing to disclose, among other things, his prior employment by and termination for cause from the Vinton Police Department; and

3) He falsely completed and filed the application *by affirming under penalty of perjury* that all statements in the application were true and accurate, when *he knew they were not.*

(*Id.*). Maroney found that Plaintiff thereby committed Perjury in the Second Degree, in violation of N.Y. Penal Law § 210.10. (*Id.*, p. 40). In the course of the decision, Maroney also made various other findings as to facts and credibility, including that Plaintiff showed a "habit or pattern of dishonesty." (*Id.*, p. 46). Ultimately, Maroney concluded that immediate discharge was appropriate. (*Id.*, p. 53).

As the parties continued to battle in the civil case, the Supreme Court decided that the proper standard for causation on a Title VII retaliation claim is "but-for" causation. *See U. of*

3

*Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).  Then in 2015, Plaintiff prevailed in two trials: 1) liability for the beat assignments retaliation claim; and 2) damages for the beat assignments and NOD retaliation claims.  (Dkt. Nos. 647–53; 658–61).  In the latter trial before Judge Gary L. Sharpe, the jury was permitted to consider a redacted version of the arbitration decision.  (*See* Jury Instructions at Dkt. No. 677).  When Plaintiff declined to accept remittitur on damages for the beat assignments claim, a fourth trial took place, and Plaintiff again prevailed.  (Dkt. No. 745).

After the parties appealed, the Second Circuit found that the jury charge at the 2012 trial (using the motivating factor standard) was erroneous because the *Nassar* case (but-for causation) was the controlling interpretation of the law to be given full retroactive effect in all cases still open on direct review.  *See Miller*, 758 F. App'x at 104.  Accordingly, the court decided that: "the jury's finding with respect to the Notice of Termination claim is vacated and Miller's retaliation claim is remanded for a new trial to determine liability under the proper but-for causation standard and, if necessary, damages."  *Id.*  On January 10, 2019, the case was reassigned to the undersigned.  (Dkt. No. 795).

## III.  RELEVANT LAW

The motions in limine center on the doctrine of collateral estoppel, referred to herein as issue preclusion.  As opposed to res judicata, which deals with claim preclusion, issue preclusion "bars litigation of an issue when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'"  *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)).  "The burden of

showing that the issues are identical and were necessarily decided in the prior action rests with the party seeking to apply issue preclusion," whereas "the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with . . . the party opposing the application of issue preclusion." *Kulak v. City of New York*, 88 F.3d 63, 72 (2d Cir. 1996).

The preclusive effect of an arbitration decision (or lack thereof) was explained by the Supreme Court in *Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974). In that case, the court held that a plaintiff was not precluded from filing suit under Title VII even though he had raised a similar claim during the arbitration of a prior contractual dispute with his employer because of the important differences between the two forums:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Id.* at 49–50. The court noted that "[t]he policy reasons for rejecting the doctrines of election of remedies and waiver in the context of Title VII are equally applicable to the doctrines of res judicata and collateral estoppel." *Id.* at 49 n.10. In addition, the court stated that while not entitled to preclusive effect, "[t]he arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate." *Id.* at 60.[2]

---

[2] The court declined to adopt standards as to the weight to be accorded an arbitral decision, stating that "this must be determined in the court's discretion with regard to the facts and circumstances of each case." *Gardner-Denver*, 415 U.S. at 60 n.21. "Relevant factors include the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators." *Id.*

5

Similarly, in *McDonald v. West Branch*, the Supreme Court addressed the issue of "whether a federal court may accord preclusive effect to an unappealed arbitration award in a case brought under [42 U.S.C. § 1983]." 466 U.S. 284, 285 (1984). The court held that, "in a § 1983 action, a federal court should not afford res judicata *or collateral-estoppel* to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." *Id.* at 292 (emphasis added). In addition, the court has found that *Gardner-Denver* does not prohibit arbitration of a statutory claim where "the collective-bargaining agreement's arbitration provision expressly covers both statutory and contractual discrimination claims." *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 264 (2009). But the court has not squarely faced the question of whether an arbitrator's factual findings (as opposed to the decision itself) can create issue preclusion in a later federal suit.

Nor has the Second Circuit, which has noted that "the preclusive effect of arbitrations is a difficult and complex issue." *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005). A few cases are nonetheless informative. In an unpublished decision, *Williams v. Perry*, the court considered "whether a prior arbitration proceeding should be given preclusive effect" as to a First Amendment retaliation claim. 229 F.3d 1136 (2d Cir. 2000). Citing *McDonald*, the court concluded that "the arbitral ruling that [the plaintiff's] termination was for 'just cause' should have no preclusive effect on her present § 1983 action." *Id.* at *2. The court explained that:

> In this case, the Union arbitrated Williams' discharge pursuant to the grievance procedures outlined in the collective bargaining agreement. The only issue the arbitrator had the power to decide was whether the discharge was justified by "just cause," as required by the collective bargaining agreement. The decision that Williams was terminated for "just cause" was not appealed. Therefore, under the reasoning set forth in *McDonald*, it would be inappropriate to give either res judicata or collateral estoppel effect to the arbitrator's decision.

*Id.*

6

In *Collins v. New York City Transit Authority*, the court affirmed a summary judgment ruling which dismissed discrimination and retaliation claims under Title VII and took into account a negative arbitration decision. 305 F.3d 113 (2d Cir. 2002). The court noted that, while "a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee," "a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link." *Id.* at 119 (citing *Gardner-Denver*, 415 U.S. at 45–60). The court found that the arbitration decision was highly probative evidence on the issue of the absence of discriminatory intent for the plaintiff's claim. *Id.* Further, the court noted that the plaintiff's termination occurred "only after a decision, based on substantial evidence, of an undisputedly independent, neutral, and unbiased adjudicator that had the power to prevent the termination." *Id.* In other words, the court found that the arbitrator's decision undermined the elements of intent and causation, and together with all the facts on summary judgment, the circumstances of the plaintiff's termination did not support an inference of discrimination or retaliation. *Id.* at 120.

More recently, the Second Circuit found that an arbitration decision resolving contract-based claims under a CBA had no preclusive effect on a plaintiff's statutory claim under the Family and Medical Leave Act ("FMLA"). *See Siddiqua v. New York State Dept. of Health*, 642 F. App'x 68, 70 (2d Cir. 2016). The court noted that "Siddiqua sought only to vindicate her contractual rights under the terms of the collective bargaining agreement in submitting her grievance to arbitration." *Id.* at 71. Citing *Gardner-Denver*, the court stated that "to the extent that the arbitration of Siddiqua's contractual rights in this case might be 'similar to, or duplicative of, the substantive rights secured by' the FMLA, this prior arbitration does not preclude a federal court from reconsidering all factual issues underlying her statutory FMLA

7

claims." *Id.* The court noted, in a footnote, that *Gardner-Denver* "prohibits a court from dismissing Siddiqua's FMLA claims by giving preclusive effect to findings of fact made by the Arbitrator in resolving Siddiqua's contract claims." *Id.* at 71 n.2.

## IV. DISCUSSION

As an initial matter, it is undisputed that the arbitration decision cannot be used to preclude Plaintiff's Title VII retaliation claim entirely.[3] Rather, Defendants argue that the facts and conclusions of the decision should be regarded as dispositive pursuant to the doctrine of issue preclusion. (Dkt. No. 848, p. 14). In other words, Defendants' position is that Plaintiff is precluded from relitigating the findings of the arbitrator, including that he lied on his IPD employment application and was terminated for just cause. On the other hand, Plaintiff argues that "neither the arbitrator's decision nor his findings have preclusive effect." (Dkt. No. 849-3). Plaintiff's position is that the facts regarding his termination are for a jury to determine. (*Id.*).

### A. Preclusive Effect of the Arbitration Decision

The Court finds that issue preclusion is not appropriate in this case. There is no dispute that Plaintiff arbitrated the NOD pursuant to a Collective Bargaining Agreement ("CBA"). Defendants do not argue that the CBA either allowed or required the arbitration of Plaintiff's Title VII retaliation claim. Therefore, this case must follow *Gardner-Denver* and its progeny. That means the *contractual* arbitration is distinct from the *statutory* claim now at issue. Because Plaintiff did not agree to arbitrate his retaliation claim, the conclusions and findings by arbitrator Maroney, while thorough, have no preclusive effect here.

---

[3] The Second Circuit noted that any argument as to claim preclusion "fails because the arbitration of related contract-based claims under a collective bargaining agreement does not bar subsequent de novo review of statutory claims in federal court." *Miller*, 758 F. App'x at 104 n.1 (citing *Gardner-Denver*).

8

Defendants' arguments to the contrary are not persuasive. As discussed above, the Second Circuit's decision in *Collins* did not concern issue preclusion. Rather, the court found that an arbitration decision was simply probative evidence *on summary judgment* that supported dismissal of the plaintiff's discrimination and retaliation claims. 305 F.3d at 113. Defendants' reliance on *Matusick v. Erie County Water Auth.*, 757 F.3d 31, 37 (2d Cir. 2014), is also misplaced. In that case, the plaintiff brought discrimination and retaliation claims against his employer, which had served him disciplinary charges under Section 75 of the New York State Civil Service Law. *Id.* at 39. Those charges were decided per the Section 75 procedure by a hearing officer, who made various factual findings. *Id.* at 40. The Second Circuit concluded that those findings should have been given preclusive effect at trial. *Id.* at 49. However, *Matusick* relied on well-established precedent that gives "quasi-judicial administrative fact-finding preclusive effect where there has been a full and fair opportunity to litigate." *Id.* at 45 (quoting *Burkybile*, 411 F.3d at 310). That case did not concern the preclusive effect of fact-finding by an arbitrator pursuant to a CBA, nor *Gardner-Denver* and its progeny, the key feature of which is the limited contractual nature of arbitration.

The Second Circuit recognized this distinction in the *Siddiqua* decision, finding that collateral estoppel based on arbitration did not apply to the plaintiff's FMLA claim because she had no opportunity to vindicate her statutory rights in that forum. 642 F. App'x at 71. The court also observed that *Gardner-Denver* "prohibits a court from dismissing Siddiqua's FMLA claims by giving preclusive effect to findings of fact made by an Arbitrator in resolving Siddiqua's contract claims." *Id.* at 71 n. 2. Although the *Siddiqua* decision is unpublished and lacks precedential effect, the Second Circuit suggested that factual findings in a contractual arbitration have no preclusive effect on separate statutory claims. Defendants contend that the decision

9

leaves the door open by saying that a court cannot *dismiss* a statutory claim based on the arbitrator's factual findings. (Dkt. No. 855, p. 7). Their position is that the court may order a jury to accept factual findings made by an arbitrator. *Id.* However, in some cases giving preclusive effect to factual findings at trial may essentially dispose of a plaintiff's claim. Moreover, the Second Circuit also stated in *Siddiqua* (albeit in dicta) that the prior arbitration did "not preclude a federal court from reconsidering *all factual issues* underlying her statutory FMLA claims." 642 F. App'x at 71 (emphasis added).[4]

Indeed, a review of cases in this Circuit yields almost no support for giving preclusive effect to factual findings from contractual arbitration. For example, one court rejected the idea by finding that collateral estoppel did not preclude the plaintiff "from relitigating facts underpinning his defamation and search and seizure claims." *See Wilson v. New York*, No. 15 Civ. 23, 2018 WL 1466770, at *9, 2018 U.S. Dist. LEXIS 49609, at *28 (E.D.N.Y. Mar. 26, 2018). Citing *Gardner-Denver*, the court explained that collateral estoppel did not apply to the arbitrator's factual findings because the arbitration was conducted pursuant to a CBA which only covered contract claims. *Id.* Most courts have simply followed *Collins* and held that arbitration findings amounted to probative evidence in support of summary judgment on discrimination and retaliation claims. *See, e.g.*, *Russell v. New York U.*, No. 15 Civ. 2185, 2017 WL 3049534, at *33, 2017 U.S. Dist. LEXIS 111209, at *96 (S.D.N.Y. July 17, 2017) ("the Court finds the

---

[4] Defendants cite Section 84 of the Restatement (Second) of Judgments for the proposition that an arbitrator's decision after a formal deliberative process "should be preclusive of the issues determined." (Dkt. No. 866, p. 2). But the Restatement also explains an exception to issue preclusion where "[a] dispute may be governed by an arbitration agreement but also be subject to statutory provisions for alternative or supplementary procedures." Restatement (Second) of Judgments § 84(g) (1982). In that scenario, "[t]he conclusive effect of an arbitration award is subordinate to such [statutory] provisions." *Id.* The Restatement further recognizes that "[i]t is coherent to treat an arbitration proceeding as wholly self-contained, conclusive as to the claims represented in the award but inoperative beyond them." *Id.* at § 84(c). Thus, the Restatement can be harmonized with *Gardner-Denver* and *Siddiqua* such that findings from contractual arbitration have no preclusive effect on factual issues subject to alternative statutory procedures.

arbitrator's findings to be highly probative of the absence of discriminatory intent in connection with her termination"), *aff'd*, 739 F. App'x 28 (2d Cir. 2018); *Tomasino v. Mt. Sinai Med. Ctr. and Hosp.*, No. 97 Civ. 5252, 2003 WL 1193726, at *12, 2003 U.S. Dist. LEXIS 3766, at *34 (S.D.N.Y. Mar. 13, 2003) ("The court concludes that the Arbitrator's decision in the Tomasino matter is entitled to great weight as to his factual findings.").

Defendants cite to a district court case where the court, on summary judgment, gave an arbitrator's decision pursuant to a CBA "preclusive effect on the issue of whether Plaintiff was sleeping on duty, and accorded [the decision] substantial probative weight in determining whether the circumstances of Plaintiff's termination give rise to an inference of discrimination." *Beaton v. Metro. Transportation Auth. New York City Transit*, No. 15 Civ. 8056, 2018 WL 1276863, at *5, 2018 U.S. Dist. LEXIS 35486, at *14–15 (S.D.N.Y. Mar. 2, 2018). Granting summary judgment for the defendant, the court cited to the plaintiff's failure to "present strong evidence that the [arbitrator's] decision was wrong as a matter of fact . . . or that the impartiality of the proceeding was somehow compromised." *Id.* at *7. In effect, the court went beyond the well-established approach in *Collins* and decided that, not only could it accord appropriate weight to the arbitrator's decision on summary judgment, but it could also give the decision preclusive effect on issues of fact. *Id.* at *5.

In sum, although this case involves many of the same factual issues carefully determined by Maroney in the 2013 arbitration decision, there is no convincing authority for giving his findings preclusive effect at this stage of the proceedings. Because the arbitration was conducted pursuant to a CBA that did not cover any statutory claims, Plaintiff is permitted to relitigate the factual issues that comprise his Title VII retaliation claim.

B.     **Admissibility of the Decision**

That is not the end of the matter, however. As *Gardner-Denver* instructs, the arbitration decision may still be admitted as evidence at trial and given such weight as deemed appropriate. *See* 415 U.S. at 49–50. Plaintiff opposes this idea, arguing that the arbitration decision and findings should be precluded because they are irrelevant to this case, unfairly prejudicial, and potentially confusing to a jury.[5] (Dkt. No. 849-3, p. 6). Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. But even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As to relevance, the Court finds that the arbitration decision, or at least its conclusions, is probative evidence for the same reasons explained in *Collins*. The fact that an impartial arbitrator found that clear and convincing evidence supported the Notice of Discipline and that Plaintiff should be discharged for just cause tends to undermine Plaintiff's theory of retaliation, particularly the elements of intent and causation. Moreover, the probative value of the decision is not substantially outweighed by Plaintiff's Rule 403 concerns, particularly since they can be mitigated based on the portions of the arbitration decision that come into evidence and the related instructions given to the jury.

---

[5] Plaintiff also argues that the arbitration decision should not be admitted because Maroney did not have jurisdiction to decide a police disciplinary matter, citing the New York Court of Appeals' recent decision in *Matter of City of Schenectady v. New York State Pub. Empl. Relations Bd.*, 30 N.Y.3d 109 (2017). Although that case appears to foreclose future arbitration of police discipline in cities like Ithaca, there is no indication or authority whatsoever that it had any retroactive effect on prior arbitration decisions.

Towards that end, the Court has also directed the parties to meet and confer on stipulations of fact for the joint pre-trial stipulation, and to include in their pre-trial submissions a proposed jury instruction concerning the arbitrator's decision. It is in the interest of the parties to do so because the Court has calendared this case for a trial not to exceed two weeks. The Court notes that Plaintiff does not appear to have entered into a joint pretrial stipulation (Dkt. No. 870), and neither party has submitted a proposed jury instruction concerning the arbitrator's decision. The parties are directed to comply with this directive by November 29, 2019. The Court's ruling under Rule 403 and the portions of the arbitration decision that come into evidence will await its review of these documents.

**C.    Request for Interlocutory Appeal**

Lastly, Defendants request that (assuming their motion is denied) the Court certify for appeal to the Second Circuit the issue of whether to give preclusive effect at trial to the findings from the arbitration decision. (Dkt. No. 866, p. 14). A party seeking leave to appeal a district court's interlocutory order must first obtain certification from that court pursuant to 28 U.S.C. § 1292(b). In order to so certify, the district court must find that such order: "(1) involves a controlling question of law (2) over which there is substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In general, courts grant leave for interlocutory appeal only in special circumstances. *See Consub Celaware, LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).

Defendants argue that "the matter of issue preclusion is central to the upcoming trial, and the interests of both the parties and the Court favor avoiding a potential fifth trial." (Dkt. No. 866, p. 14). However, they do not identify any substantial ground for difference of opinion on

13

the preclusive effect of factual findings from the limited arbitration of a contract dispute. As discussed above, the authorities in this Circuit indicate that issue preclusion does not apply here. Accordingly, Defendants' request for certification of an interlocutory appeal must be denied. *See Plymouth Resources, LLC v. Norse Energy Corp. USA*, No. 10 Civ. 909, 2013 WL 204657, at *1, 2013 U.S. Dist. LEXIS 7062, at *3 (N.D.N.Y. Jan. 17, 2013) (denying certification for interlocutory appeal where the court did "not perceive a substantial ground for difference of opinion regarding the applicability of collateral estoppel in this case"). The case will proceed to trial as scheduled.

## V. CONCLUSION

For these reasons, it is

**ORDERED** that Defendants' motion in limine (Dkt. No. 848), to the extent it seeks to admit some form of the arbitration decision at trial, is **GRANTED;** and it is further

**ORDERED** that Plaintiff's motion in limine (Dkt. No. 849), to the extent it opposes giving the arbitration decision and/or factual findings preclusive effect at trial, is **GRANTED**; and it is further

**ORDERED** that these motions (Dkt. Nos. 848–849) are **otherwise DENIED**; and it is further

**ORDERED** that Plaintiff's additional motion in limine (Dkt. No. 850), being duplicative of Dkt. No. 849, is **DENIED as moot**; and it is further

**ORDERED** the parties are directed to meet and confer on stipulations of fact for the joint pre-trial stipulation, and to file a joint pre-trial stipulation, in accord with the Court's Trial Order, by November 29, 2019; and it is further

**ORDERED** that the parties are directed to file a proposed jury instruction concerning the arbitrator's decision by November 29, 2019; and it is further

**ORDERED** that the Court reserves decision on a ruling under Fed. Rule Evid. 403 and the portions of the arbitration decision to be admitted at trial; and it is further

**ORDERED** that an in-person pretrial conference concerning these matters and the parties' pending motions in limine (Dkt. Nos. 875 and 876) is scheduled for January 8, 2020, at 10:00 a.m.; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 12, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge